# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Addington v. Commonwealth.

(Decided June 10, 1921.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Jurisdiction.—Our penal statutes are intended to apply to offenses committed within this state and not beyond the jurisdiction of our courts.
2. Criminal Law—Jurisdiction.—It is beyond the power of the legislature of this state to punish persons for offenses committed in another state.
3. Criminal Law—Foreign Jurisdictions.—The penal statutes of this state, defining public offenses and prescribing penalties therefor, have no reference to the commission of such offenses in foreign jurisdictions, and when they define the offense of aiding or abetting the commission of a given offense, they mean the aiding or abetting of an offense committed within this state.

D. D. FIELDS & DAY for appellant.

CHAS. I. DAWSON, Attorney General, and R. MONROE FIELDS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellant was indicted by the grand jury of Letcher county under the provisions of section one, chapter 168, Acts of 1918, and charged with unlawfully owning, having in his possession and operating, aiding, assisting, abetting and encouraging others in the operation of a

moonshine still and of harboring other persons while so operating the same.

On his trial he was found guilty and sentenced to thirty days in jail and to pay a $200.00 fine, and the trial court having refused him a new trial, he has appealed.

The evidence showed without contradiction that appellant lived in Letcher county, Kentucky, near the Virginia line, and that a short distance across the state line in the state of Virginia two stills very near together were operated during the summer of 1920; that appellant was either the owner of or at least had assisted in the operation of one of those stills, but there is no evidence that the still so owned or operated by him in Virginia had ever been in the state of Kentucky or owned or operated by him in the state of Kentucky. There is evidence, however, from which it may be inferred that certain materials were taken from the Kentucky side to the still in Virginia and there used in the operation of the still; and there is evidence that one or more persons lived at or were harbored at the home of appellant on the Kentucky side while they were engaged in the operation of these stills in Virginia.

On the trial appellant's counsel objected to all of the evidence bearing upon the operation of the still in the state of Virginia, but their objections were overruled. They likewise entered a motion in arrest of judgment after the return of the verdict and before the entry of a judgment thereon.

It would seem too plain to discuss the question whether our statute was intended to apply to offenses committed outside the state of Kentucky and beyond the jurisdiction of our courts, for manifestly it would be beyond the power of the Kentucky legislature, even if it had so attempted, to punish persons for an offense committed in another sovereignty and wholly beyond the jurisdiction of our courts.

But the court in this case instructed the jury that although the acutal operation of the still was in the state of Virginia, if the defendant in Letcher county aided or assisted or encouraged such operation, they might find him guilty.

Clearly the penal statutes of this state defining public offenses and prescribing penalties therefor cannot have reference to the commission of such offenses in foreign jurisdictions, and consequently when they define the

offense of aiding or abetting the commission of a given offense they necessarily mean the aiding or abetting in the commission of that offense within the state of Kentucky.

The courts cannot read into statutes unreasonable things, and it would be beyond all reason to say that even if it had the power, our legislature intended to prescribe a punishment for the aiding and abetting in this state of the commission of an offense in another state.

The evidence was incompetent and the motion in arrest of judgment should have been sustained.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.